**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEBKAB AYALEW,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 99-1673

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-687-513)

Submitted: November 9, 1999

Decided: December 20, 1999

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard S. Fishbein, LAW OFFICE OF DAVID GARFIELD, Wash-
ington, D.C., for Petitioner. David W. Ogden, Acting Assistant Attor-
ney General, Richard M. Evans, Assistant Director, Jeffrey J.
Bernstein, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kebkab Ayalew seeks a review of the decision of the Board of Immigration Appeals (Board) denying relief on her application for asylum and withholding of deportation.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West 1999). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West 1999); M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The immigration court found Ayalew's evidence regarding her past persecution and fear of future persecution was not credible. The immigration court also found that even if she had provided credible evidence, Ayalew would not qualify for asylum or withholding of deportation based upon a showing of past persecution or a well-founded fear of future persecution. The immigration court denied Ayalew's application for asylum and withholding of deportation but granted her voluntary departure. The Board affirmed that decision, upholding the credibility determination.

The Board's determination that Ayalew is not eligible for asylum must be upheld if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). The decision may be reversed only if the evidence presented by Ayalew was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Great weight is accorded to the credibility determinations of the immigration judge and the Board, provided the determinations are supported by "specific, cogent reason[s]." Figeroa v. INS, 886 F.2d 76, 78-79 (4th Cir. 1989) (quoting Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir. 1987)). We find that the Board noted sufficient specific and cogent reasons to uphold the credibility finding of the immigration court.

That determination is entitled to substantial deference. As a result, we find that the Board's conclusion that Ayalew failed to present reliable evidence sufficient to establish eligibility for asylum is supported by substantial evidence.

Finding no error in the Board's decision, we affirm. We reinstate the thirty day period for Ayalew's voluntary departure, with the period beginning to run on the date this court's mandate becomes effective. <u>See Ramsay v. INS</u>, 14 F.3d 206, 212 (4th Cir. 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>